IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRY DUPONT,

               Plaintiff,                       2:11-cv-1435
                                                              **ELECTRONICALLY FILED**

     v.

THE SLIPPERY ROCK UNIVERSITY OF
PENNSYLVANIA, et al.

               Defendants.

## MEMORANDUM OPINION RE: DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV (DOC. NO. 4)

**I. Introduction**

Presently before the Court is the Motion of Defendants William Williams, Robert M. Smith, and C. Jay Hertzog ("individual Defendants") to Dismiss Counts III and IV of Plaintiff Sherry DuPont's ("Plaintiff's") Complaint. Doc. No. 4. The parties' dispute centers on The Slippery Rock University of Pennsylvania ("Slippery Rock") denying Plaintiff's application for promotion from associate professor to full professor. On September 30, 2010, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging discrimination based on her age and sex. Doc. No. 5, Ex. A. The individual Defendants were not named or mentioned in the Complaint.[1] *Id*. On August 12, 2011, the EEOC issued a right to sue letter to Plaintiff. Doc. No. 1, ¶ 8.

---

[1] The EEOC Complaint was the same as the one filed with the PHRC. Doc. No. 1, ¶ 8. The EEOC Complaint form is the only one available in the record (Doc. No. 5, Ex. A) and will be the one referenced throughout this opinion.

1

On November 10, 2011, Plaintiff filed suit in this Court based on the federal questions involved and this Court's supplemental jurisdiction. Doc. No. 1, ¶ 6. Count I of the Complaint alleges that Slippery Rock violated Title VII, 42 U.S.C. § 2000e *et seq.*, by discriminating against her on the basis of age. *Id.* ¶¶ 57-64. Count II of the Complaint alleges that Slippery Rock violated Title IX, 20 U.S.C. § 1681 *et seq.*, by discriminating against her on the basis of sex. *Id.* ¶¶ 65-75. Count III of the Complaint alleges that the individual Defendants violated the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951 *et seq.*, by discriminating against her on the basis of sex. *Id.* ¶¶ 76-85. Count IV of the Complaint alleges that the individual Defendants violated the PHRA, 43 Pa.C.S. § 951 *et seq.*, by discriminating against her on the basis of age. *Id.* ¶¶ 86-95. On December 15, 2011, the individual Defendants filed a Motion to Dismiss the PHRA counts (Counts III and IV) in Plaintiff's Complaint asserting that she failed to state a claim for which relief can be granted because the individual Defendants were not named in the EEOC Complaint. Doc. No. 4; Doc. No. 5. For the reasons that follow, Defendants' Motion to Dismiss (Doc. No. 4) will be **GRANTED**.

**II. Factual Background**

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking the Plaintiff's factual allegations to be true for the purposes of this Memorandum Opinion, the facts of this case are as follows:

Plaintiff is a 56-year-old female associate professor in the Department of Elementary and Early Childhood Education. Doc. No. 1, ¶¶ 1, 11; Doc. No. 5, Ex. A. She has taught in the department for over 20 years. Doc. No. 1, ¶ 9. Plaintiff has applied for promotion to full

2

professor every year since 2001. *Id*. ¶ 41. She has been recommended for promotion every year from 2001-2010 by her department chair and her department's promotions committee. *Id*. ¶ 36. The Dean of Slippery Rock's College of Education has recommended her for promotion every year since 2004. *Id*. ¶¶ 37-39. Plaintiff was recommended for promotion by the university-wide promotion committee in 2001 and 2002. *Id*. ¶ 40. She has not been recommended by that committee since 2002. *Id*. ¶ 41.

Applicants for tenure at Slippery Rock are evaluated on effective teaching and fulfillment of professional responsibilities, continuing scholarly growth, and service to the University. *Id*. ¶ 16. Plaintiff has excelled in all three of these areas during her time at the University. *Id*. ¶¶ 21-34. Faculty members who are male and/or younger than the Plaintiff have been promoted to full professor during the time period Plaintiff has been denied promotion to full professor. *Id*. ¶ 47. Some of these professors do not have the same scholarly record as the Plaintiff. *Id*. ¶¶ 48, 51. Plaintiff has had her applications for promotion to full professor denied every year since 2001. *Id*. ¶ 41. The individual Defendants have participated in the decision not to promote her to full professor. *Id*. ¶ 55. These decisions have been based on her age and sex. *Id*. ¶ 56.

### III. Standard of Review

    A.    Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), civil Complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A Complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts

to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570 (2007)).[2]

To survive a motion to dismiss under Rule 12(b)(6), a claim for relief now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (quoting *Twombly*, 550 U.S. at 555). While Rule 8 was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must take three steps to determine the sufficiency of a Complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-03539, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011) (quoting *Iqbal*, 129 S. Ct. at 1947, 1950). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.

---

[2] In *Twombly*, the United States Supreme Court abrogated its decision in *Conley v. Gibson*, 355 U.S. 41 (1957), which allowed dismissal of a claim only if "no set of facts" could be conceived to support it. *Conley*, 355 U.S. at 45.

In conducting this analysis, a Court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). A Court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of what is alleged in the relevant Complaint. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). In short, a Motion to Dismiss should not be granted if a party alleges facts, which if established at trial, would entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

### B. Exhaustion Requirement under PHRA

The PHRA provides that an individual alleging discrimination under the Act must file a Complaint with the PHRC within 180 days of the alleged discrimination. *See* 43 Pa.C.S. § 959(h). The Complaint must name the individual(s) alleged to have violated the PHRA. *See* 43 Pa.C.S. § 959(a). Courts have found that the individuals do not have to be named in the caption of the case and that just mentioning the individuals in the body of the Complaint gives the individuals the requisite notice so that judicial relief may be sought under the PHRA. *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 398-99 (E.D. Pa. 2002) (citing cases). Furthermore, "when the unnamed party received notice and when there is a shared commonality of interest with the named party" the notice requirement is met. *Schafer v. Board of Public Educ.*, 903 F.2d 243, 252 (3d Cir. 1990). However, the Complaint must make it clear that the Defendant could be sued in his *individual* capacity rather than his *official* capacity for the notice requirement to be met in this manner. *See McInerney*, 244 F.Supp.2d at 399. If an

individual is not given the requisite notice the Complaint must be dismissed for failure to exhaust administrative remedies. *See Davies v. Poly Signs, Inc.*, 126 F.Supp.2d 391 (E.D. Pa. 2001).

### IV. Discussion

The individual Defendants argue that Counts III and IV should be dismissed because Plaintiff has failed to exhaust her administrative remedies as to the individual Defendants. Doc. No. 5. The individual Defendants argue that in order for the administrative remedies to be exhausted Plaintiff must have named them in a Complaint filed with the PHRC. *Id.* It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *PennMont Securities v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). In this case, Plaintiff filed a complaint with the EEOC. Doc. No. 5, Ex. A. However, she did not name the individual Defendants in her Complaint filed with the EEOC. *Id*. Thus, the Court must determine if the individual Defendants received the requisite notice so that Plaintiff may seek judicial relief against the individual Defendants under the PHRA (Counts III and IV).

Plaintiff argues that Counts III and IV should not be dismissed for two main reasons. Doc. No. 13. First, she contends that an EEOC Complaint should be construed broadly. *Id*. Second, she contends that there is a question of fact as to whether the individual Defendants were aware of the charges brought in the EEOC Complaint. *Id*.

As to her first argument, that an EEOC Complaint should be construed broadly, Plaintiff confuses the issue. The passage cited by Plaintiff in *Lowenstein v. Catholic Health East*, No. 11-4689, 2011 WL 5069396, at *4 (E.D. Pa. Oct. 26, 2011) specifically deals with checking a box on the EEOC form and/or how a charge against a *named Defendant* should be broadly construed.

*See id*; *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999). Here, the Plaintiff did not name the individual defendants in the EEOC Complaint and there were no errors with respect to checking the boxes on the EEOC form Complaint. Therefore, the Court need not broadly construe the Complaint to include the individual Defendants.

As to Plaintiff's second argument that despite not being named in the EEOC form Complaint, the individual Defendants did receive notice, even if all of the factual questions are resolved in Plaintiff's favor, the individual Defendants did not receive notice under the alternative method described by the United States Court of Appeals for the Third Circuit in *Schafer*.[3] 903 F.2d at 252. Although Defendants Smith and Williams were aware of the Complaint (or should have been aware of the Complaint) because of their positions as President and Provost of Slippery Rock respectively, they did not have notice that they could be sued in their *individual* capacities. In *McInerney,* the Defendant was aware of the EEOC filing because he was the owner of the company; however, it was not made clear that he could be sued in his individual capacity. *McInerney*, 244 F.Supp.2d at 399. The same is true in this case. The Complaint only mentions the fact that Plaintiff was being discriminated against by Slippery Rock and its officials, not by those officials in their individual capacities. Thus, the notice to Defendants Smith and Williams did not meet the requirements of *Schafer* in order to overcome the fact that they were not named in the EEOC Complaint.

Defendant Hertzog is currently living in Arizona. There is no evidence to suggest that he received notice of Plaintiff's EEOC filing. However, even assuming that he did receive notice of

---

[3] The Plaintiff in her brief uses the test articulated in *Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980). The test articulated in *Schafer* is a more concise statement of the *Glus* test.

the EEOC Complaint, he did not receive notice that he could be sued in his individual capacity for the same reason as Defendants Smith and Williams outlined above.

Plaintiff argues that the individual Defendants in this case are similar to the benefit manager in *Lowenstein*. Doc. No. 13, 5. *Lowenstein* can be distinguished from this case with respect to the notice requirement of the *Schafer* test. In *Lowenstein*, the benefits manager was aware of the fact that her actions implicated the Family and Medical Leave Act (and thus the PHRA). In fact, the benefits manager gave Lowenstein Family and Medical Leave Act forms repeatedly, both before her first dismissal and afterwards. *Lowenstein*, 2011 WL 2044166, at *1-2. In this case, there is no evidence the individual Defendants were involved in any activity that gave them notice that they could be sued in their individual capacity.

Plaintiff also argues that the notice in this case was similar to the notice given in *Garvey v. Dickinson Coll*., 761 F.Supp.2d 1175 (M.D. Pa 1991). Doc. No. 5, 4-5. However, in *Garvey* the PHRC Complaint that was filed referred to the individual Defendant in that case and the specific action that he took. *Garvey*, 761 F.Supp. at 1187. That is why the Court found that notice was sufficient. *Id*. In this case, no reference whatsoever was made to the individual Defendants in the EEOC Complaint.

**V. Conclusion**

In sum, even when the Court combines the factual allegations in the Complaint with the EEOC complaint the individual Defendants did not receive adequate notice

Thus, for the reasons discussed above, the individual Defendants' Motion to Dismiss (Doc. No. 4) will be **GRANTED**.

An appropriate Order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All Registered ECF Counsel and Parties